THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-02582 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN ZINC RECYCLING CORP. | ) | |
| (formerly known as Horsehead Corp.) | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General of the United States and through the undersigned Attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action brought by the United States against Defendant American Zinc Recycling Corporation ("AZR"), formerly known as Horsehead Corporation, for injunctive relief and the assessment of civil penalties for violations of Section 113 of the Clean Air Act (the "CAA"), 42 U.S.C. § 7413, at AZR's electric arc furnace dust processing facility located at 2701 East 114th Street, Chicago, Illinois (the "Facility").  AZR has violated, and continues to violate, the emission limits for particulate matter ("PM") and carbon monoxide ("CO") and other requirements that are set forth in:  (i) AZR's CAA Title V operating permits for the Facility (the "Title V Permits"), issued pursuant to CAA Title V, 42 U.S.C. §§ 7661-7661f; (ii) AZR's Construction Permit No. 85120055, issued pursuant to the federally enforceable State

Implementation Plan adopted by the State of Illinois and approved by EPA pursuant to CAA Section 110, 42 U.S.C. § 7410 (the "Illinois SIP"); and (iii) certain other standards and requirements that apply to the Facility under the Illinois SIP.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over the subject matter of this civil action pursuant to CAA Section 113, 42 U.S.C. § 7413, and 28 U.S.C. §§ 1331, 1345, and 1355.

3.      Venue is proper in this district pursuant to CAA Section 113, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), (c), and 1395(a), because the violations of the CAA giving rise to this complaint occurred and are occurring at AZR's facility in this district.

## NOTICE

4.      In accordance with CAA Section 113(a)(1), 42 U.S.C. § 7413(a)(1), EPA issued AZR a Notice of Violation/Finding of Violation ("NOV/FOV") on April 14, 2014, and simultaneously sent a copy of the NOV/FOV to the Illinois Environmental Protection Agency ("Illinois EPA").  The NOV/FOV alleged violations of the Title V Permit, Construction Permit No. 85120055, and the Illinois SIP at the Facility.

5.      The United States has provided notice of the commencement of this action to the State of Illinois pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b).

## THE DEFENDANT

6.      AZR owns and operates the Electric Arc Furnace ("EAF") dust processing Facility located at 2701 East 114th Street in Cook County, Chicago, Illinois.

7.      The Facility operates two Waelz kilns, ancillary equipment, and building structures used to convert EAF dust at high temperatures to crude zinc oxide and iron rich material.

8.      AZR's conversion of EAF dust to crude zinc oxide and iron rich material at the Facility results in the emission of PM and other pollutants to the atmosphere.

9.      AZR is a "person" as defined in CAA Sections 113(b) and 302(e), 42 U.S.C. §§ 7613(b) and 7602(e).

10.     The Facility is a "stationary source" as defined in CAA Sections 113(b) and 302(z), 42 U.S.C. §§ 7613(b) and 7602(z).

11.     The Facility is a "major source" as defined by CAA Section 501(2), 42 U.S.C. § 7661(2), and 40 C.F.R § 70.2.

12.     AZR is an "owner or operator" of the Facility within the meaning of CAA Section 113(b), 42 U.S.C. §§ 7613(b).

## STATUTORY AND REGULATORY BACKGROUND

### The National Ambient Air Quality Standards and the Illinois SIP

13.     CAA Section 108(a), 42 U.S.C. § 7408(a), requires EPA to list, and issue air quality criteria for, each air pollutant, the emissions of which may endanger public health or welfare and the presence of which results from numerous or diverse mobile or stationary sources.

14.     CAA Section 109, 42 U.S.C. § 7409, requires EPA to promulgate regulations establishing primary and secondary national ambient air quality standards ("NAAQS" or "ambient air quality standards") for those air pollutants for which air quality criteria have been issued pursuant to CAA Section 108, 42 U.S.C. § 7408, ("criteria pollutants").  Under CAA Section 109(b), 42 U.S.C. § 7409(b), the primary NAAQS are to be adequate to protect the public health with a sufficient margin of safety, and the secondary NAAQS are to be adequate to protect the public welfare from any known or anticipated adverse effects associated with the presence of the air pollutant in the ambient air.

15.     Pursuant to CAA Sections 108 and 109, 42 U.S.C §§ 7408 and 7409, EPA has established NAAQS for PM, which are codified as part of 40 C.F.R. Part 50.

16.     Under CAA Section 107(d), 42 U.S.C. § 7407(d), each state is required to designate those areas within its boundaries where the air quality is better or worse than the NAAQS for each criteria pollutant, or where the air quality cannot be classified due to insufficient data.  An area that meets the NAAQS for a particular pollutant is an "attainment" area.  An area that does not meet the NAAQS is a "nonattainment" area.  An area that cannot be classified due to insufficient data is "unclassifiable."

17.     At all times relevant to this complaint, AZR's Facility has been located in an area that has been designated as attainment for $PM_{10}$ (*i.e.*, particulate matter that is 10 micrometers in diameter or smaller) and for $PM_{2.5}$ (*i.e.,* particulate matter that is 2.5 micrometers in diameter and smaller).

18.     Pursuant to CAA Section 110, 42 U.S.C. § 7410, each state must adopt and submit to EPA for approval a State Implementation Plan that provides for the attainment and maintenance of the NAAQS, and that meets other requirements of the CAA.

19.     The State of Illinois adopted and submitted to EPA various statutes and regulations that have been approved by EPA and which, taken together, constitute the Illinois SIP.  The Illinois statutes and regulations that constitute the Illinois SIP are identified in 40 C.F.R. § 52.720.

20.     Illinois SIP requirements are federally enforceable under CAA Section 113, 42 U.S.C. § 7413, and 40 C.F.R. § 52.23.

**<u>Requirements of the Illinois SIP</u>**

21.     The Illinois SIP generally prohibits the construction or operation of a new or modified source of air pollutants without a construction permit issued in accordance with the

SIP.  In addition, the Illinois SIP generally prohibits the operation of a new or existing source of air pollutants without an operating permit issued in accordance with the SIP.  These prohibitions and the associated permitting requirements are codified as part of Ill. Admin. Code tit. 35, part 201.

22.     Requirements imposed in permits to construct and permits to operate issued pursuant to the Illinois SIP are federally enforceable under CAA Section 113, 42 U.S.C. § 7413, and 40 C.F.R. § 52.23.

23.     The Illinois SIP imposes additional operation, maintenance, and recordkeeping requirements for the control of PM emission from process emission units located near Lake Calumet in Cook County, Illinois.  These requirements are codified primarily at Ill. Admin. Code tit. 35, § 212.324 (the "Section 212.324 Requirements").  For process emission units subject to the Section 212.324 Requirements:

a.     The owner or operator must properly maintain and repair all air pollution control equipment in a manner that assures that applicable emission limits and standards will be met at all times.  Proper maintenance includes, at a minimum, visual inspections of air pollution control equipment; maintenance of an adequate inventory of spare parts; and expeditious repairs.  Ill. Admin. Code tit. 35, § 212.324(f).

b.     The owner or operator must keep written records of inventory and documentation of inspection, maintenance, and repairs for all air pollution control equipment.  Ill. Admin. Code tit. 35, § 212.324(g)(1).

c.     The owner or operator must document any period during which any process emission unit was in operation when the air pollution control equipment was not in operation or was malfunctioning so as to cause an emissions level in excess of the emissions limitation.  These records shall include documentation of causes for pollution

5

control equipment not operating or malfunctioned and shall state what corrective actions were taken and what repairs were made. Ill. Admin. Code tit. 35, § 212.324(g)(2).

**Title V Operating Permits**

24.     CAA Title V, 42 U.S.C. § 7661-766lf, established an operating permit program for major sources of air pollution. CAA Section 502(d), 42 U.S.C. § 7661a(d), provides that each state must obtain EPA approval of a permit program meeting the requirements of CAA Title V.

25.     In accordance with CAA Section 502(b), 42 U.S.C. § 766la (b), EPA promulgated regulations implementing CAA Title V. Those regulations are codified at 40 C.F.R. Part 70.

26.     CAA Section 502(a), 42 U.S.C. § 766la(a), and 40 C.F.R. § 70.7(b) provide that, after the effective date of any permit program approved or promulgated under Title V of the Act, no source subject to Title V may operate except in compliance with a Title V permit.

27.     CAA Section 503, 42 U.S.C. § 7661c(a), requires that each Title V permit include enforceable emission limitations and standards, a schedule of compliance, and other conditions necessary to assure compliance with applicable requirements, including those contained in a State Implementation Plan.

28.     EPA's regulations at 40 C.F.R. § 70.6(b)(1) provide that Title V permits are federally enforceable and that all terms and conditions of a Title V permit are enforceable by EPA.

29.     CAA Section 501(2), 42 U.S.C. § 7661(2), and EPA's regulations at 40 C.F.R § 70.2 define a "major source" subject to Title V permitting requirements as, among other things, any stationary source belonging to a single major industrial grouping and that directly emits or has the potential to emit greater than 100 tons per year or more of any air pollutant subject to regulation.

6

30.    EPA's regulations at 40 C.F.R. § 70.5(a) provide that "for each part 70 source, the owner or operator shall submit a timely and complete permit application in accordance with this section."

31.    EPA's regulations at 40 C.F.R. § 70.5(c) specify the information to be provided in a permit application for that application to be considered complete, including all emissions of pollutants for which the source is major and all emissions of regulated air pollutants.  In addition, a permit application must describe all emissions of regulated air pollutants emitted from any emissions unit, with limited exceptions not applicable here.  For insignificant activities which are exempted because of size or production rate, a list of such insignificant activities must be included in the application.

32.    EPA's regulations at 40 C.F.R. § 70.5(d) require that the permit application contain a certification by a responsible official of its truth, accuracy, and completeness.

33.    In 2001, EPA approved the Illinois Title V operating permit program as consistent with EPA's regulations implementing the CAA Title V operating permit program.  66 Fed. Reg. 62,946 (Dec. 4, 2001).  The approved Illinois Title V program is known as the Illinois Clean Air Act Permit Program ("CAAPP"), and its requirements are outlined in 415 Ill. Comp. Stat. 5/39.5 and Ill. Admin. Code tit. 35, part 270.

**Enforcement of the CAA**

34.    CAA Sections 113(a)(1) and (a)(3), 42 U.S.C. §§ 7413(a)(1) and (a)(3), authorize EPA to bring a civil action under Section 113(b) if EPA finds that a person is in violation of any requirement or prohibition of the Illinois SIP (or any permit issued under the Illinois SIP) or any requirement or prohibition of CAA Title V (or any permit issued under CAA Title V).

7

35.     CAA Section 113(b), 42 U.S.C. § 7413(b), authorizes the court to enjoin a violation, to require compliance, to assess and recover a civil penalty, and to award any other appropriate relief for each violation.

36.     Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b), the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. 101–410, Oct. 5, 1990, 104 Stat. 890, as amended, 28 U.S.C. § 2461, and 40 C.F.R. § 19.4, AZR is liable for civil penalties of up to:  (i) $37,500 per day for each violation that occurred between January 13, 2009, and November 2, 2015, inclusive; and (ii) $101,439 per day for each violation that occurred after November 2, 2015.

## THE AZR CHICAGO FACILITY

### The Facility's Operations and Location

37.     At the Facility, AZR operates Waelz Kiln Nos. 1 and 2 – constructed in or around March 1942 and April 1993, respectively – to convert EAF dust at high temperatures into crude zinc oxide and iron rich material.

38.     In addition to the two Waelz kilns, AZR also operates a building for the receiving, curing, and blending of material (the "Curing and Blending Building"), constructed in or around January 1992.

39.     In addition to the two Waelz kilns and the Curing and Blending Building, AZR also operates other ancillary equipment and systems at the Facility as part of the conversion of EAF dust (the "Other Facility Systems"), which has at times included:  a carbon material pneumatic transfer system for raw materials, constructed in or around November 1993; a storage container for carbon material, constructed in or around November 1993; a feed handling system for transferring feed material, constructed in or around March 1987; a crude zinc oxide bin for storage/loading of crude zinc oxide for shipping, constructed in or around March 1987 (the "Crude Zinc Oxide Storage Bin"); an iron-rich material transfer area for conveying iron-rich

material to storage, constructed in or around April 1993; and an iron-rich material kilns discharge area for discharge of iron-rich material from the Waelz kilns, constructed in or around April 1987.

40.     Emission points at the Waelz kilns, the Curing and Blending Building, and the Other Facility Systems have been equipped with certain Bag Collectors and Product Collectors to control airborne PM emissions.

41.     The Facility is located near Lake Calumet in Cook County, Illinois, and is subject to the above-described Section 212.324 Requirements for PM control.

**The Facility's Title V Permit and Construction Permit No. 85120055**

42.     Illinois EPA issued AZR a Title V Permit – CAAPP Permit No. 96030189 – on May 15, 2002 (the "2002 Title V Permit"). Illinois EPA issued AZR a renewal of CAAPP Permit No. 96030189 on December 2, 2016 (the "2016 Title V Permit"). The 2016 Title V permit was revised in 2017 to reflect AZR's corporate name change. The 2002 Title V Permit and the 2016 Title V Permit are referred to collectively herein as the "Title V Permits."

43.     The Title V Permits require AZR to operate and maintain Bag Collectors and Product Collectors controlling the process emission sources at the Facility – including performing periodic inspections and routine maintenance, and making prompt repairs of defects – to assure compliance with the emissions limitations in other Conditions in the Title V Permits. 2002 Title V Permit Condition 7.1.5; 2016 Title V Permit Condition 4.1.2.b.ii.A.

44.     The Title V Permits prohibit PM emissions from the Facility's Curing and Blending Building exceeding 1.0 pound per hour and 4.4 tons per year. Illinois EPA established these PM emission limits in Construction Permit No. 85120055, which was issued pursuant to the Illinois SIP. The Title V Permits specify that compliance with the annual emission limit shall

9

be determined from a running a total of 12 months of data. 2002 Title V Permit Condition 7.1.6; 2016 Title V Permit Condition 4.1.2.b.i.B.

45.     The Title V Permits prohibit PM emissions from the Other Facility Systems exceeding 35.1 tons per year. 2002 Title V Permit Condition 7.1.6; 2016 Title V Permit Condition 4.1.2.b.i.C.

46.     The Title V Permits prohibit CO emissions exceeding: (i) 17.33 pounds of CO per hour and 71.12 tons of CO per year from Waelz Kiln No. 1; and (ii) 16.21 pounds of CO per hour and 66.53 tons of CO per year from Waelz Kiln No. 2. 2002 Title V Permit Condition 7.2.6; 2016 Title V Permit Condition 4.2.2.e.i.

47.     The Title V Permits require AZR to maintain records of periodic inspections of the Bag Collectors and Product Collectors with the date, name of individual performing the inspection, and the nature of the inspection for the Bag Collectors and Product Collectors controlling the emissions units. 2002 Title V Permit Condition 7.1.9.a.i. (regarding the Curing and Blending Building and the Other Facility Systems) and Condition 7.2.9.e.i. (regarding the Waelz Kilns); 2016 Title V Permit Condition 4.1.2.c.ii.B (regarding the Curing and Blending Building and the Other Facility Systems) and Condition 4.2.2.b.ii.E (regarding the Waelz Kilns)

48.     The Title V Permits require AZR to maintain records of prompt repair of defects in the Bag Collectors and Product Collectors controlling the emissions units with the identification and description of the defect, effect on emissions, date identified, date repaired, and nature of repair. 2002 Title V Permit Condition 7.1.9.a.ii. (regarding the Curing and Blending Building and the Other Facility Systems) and Condition 7.2.9.e.ii. (regarding the Waelz Kilns); 2016 Title V Permit Conditions 4.1.2.b.ii.F and 4.1.2.c.ii.B.II. (regarding the Curing and Blending Building and the Other Facility Systems) and Conditions 4.2.2.b.ii.E and 4.2.2.h.ii.B.V. (regarding the Waelz Kilns)

## FIRST CLAIM FOR RELIEF
(Failure to Comply with Annual Emission Limits at the Curing and Blending Building
in Violation of the Title V Permit and Construction Permit No. 85120055)

49.     Paragraphs 1 through 48 are incorporated herein by reference.

50.     At various times relevant to this complaint, AZR has violated Title V Permit

Condition 7.1.6 and the corresponding emission limitation in Construction Permit No. 85120055

by emitting more than 1.0 pound per hour of PM and/or 4.4 tons per year of PM from the

Facility's Curing and Blending Building.

51.     AZR's violations of the Clean Air Act, as set forth in this Claim, make AZR

subject to injunctive relief and civil penalties of up to the inflation-adjusted statutory maximum

amounts referenced in Paragraph 36, per day per violation, pursuant to CAA Section 113(b),

42 U.S.C. § 7413(b).

## SECOND CLAIM FOR RELIEF
(Failure to Comply with Annual Emission Limits at the Other Facility Systems
in Violation of the Title V Permit)

52.     Paragraphs 1 through 48 are incorporated herein by reference.

53.     At various times relevant to this complaint, AZR has violated Title V Permit

Condition 7.1.6 by exceeding the annual emission limit of 35.1 tons per year of PM from the

Other Facility Systems.

54.     AZR's violations of the Clean Air Act, as set forth in this Claim, make AZR

subject to injunctive relief and civil penalties of up to the inflation-adjusted statutory maximum

amounts referenced in Paragraph 36, per day per violation, pursuant to CAA Section 113(b),

42 U.S.C. § 7413(b).

## THIRD CLAIM FOR RELIEF
(Failure to Comply with Carbon Monoxide Emission Limit for Waelz Kiln No. 2
in Violation of the Title V Permit)

55.     Paragraphs 1 through 48 are incorporated herein by reference.

56.     At various times relevant to this complaint, AZR has violated Title V Permit Condition 7.2.6 by exceeding the emission limit of 16.21 pounds of carbon monoxide per hour from Waelz Kiln No. 2.

57.     AZR's violations of the Clean Air Act, as set forth in this Claim, make AZR subject to injunctive relief and civil penalties of up to the inflation-adjusted statutory maximum amounts referenced in Paragraph 36, per day per violation, pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b).

**FOURTH CLAIM FOR RELIEF**

(Failure to Properly Monitor, Operate, and Maintain Bag Collectors and Product Collectors in Violation of the Title V Permit and Illinois SIP)

58.     Paragraphs 1 through 48 are incorporated herein by reference.

59.     At various times relevant to this complaint, AZR has violated the Title V Permits and the Section 212.324 Requirements of the Illinois SIP by failing to conduct periodic inspections of the Bag Collectors and Product Collectors controlling the process emission sources at the Facility.

60.     At various times relevant to this complaint, AZR also has violated the Title V Permits and the Section 212.324 Requirements of the Illinois SIP by failing to properly operate the Facility's Bag Collectors and Product Collectors within the differential pressure ranges identified for normal operation in AZR's Title V permit application and by failing to perform prompt repairs of the Bag Detectors and Product Collectors.

61.     AZR's violations of the Clean Air Act, as set forth in this Claim, make AZR subject to injunctive relief and civil penalties of up to the inflation-adjusted statutory maximum amounts referenced in Paragraph 36, per day per violation, pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b).

**FIFTH CLAIM FOR RELIEF**
(Failure to Keep Records in Violation of Title V Permit and Illinois SIP)

62.     Paragraphs 1 through 48 are incorporated herein by reference.

63.     At various times relevant to this complaint, AZR has violated the Title V Permits, as well as the Section 212.324 Requirements of the Illinois SIP, by failing to maintain records of the periodic inspection of the Bag Collectors and Product Collectors at the Facility.

64.     At times various times relevant to this complaint, AZR also has violated the Title V Permits, as well as the Section 212.324 Requirements of the Illinois SIP, by failing to maintain records of Bag Collector and Product Collector inspections and by failing to record a description of defects in the Collectors, the nature of the repairs, the date of the repairs, and the effect of any defect in the Collectors on emissions.

65.     AZR's violations of the Clean Air Act, as set forth in this Claim, make AZR subject to injunctive relief and civil penalties of up to the inflation-adjusted statutory maximum amounts referenced in Paragraph 36, per day per violation, pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b).

**PRAYER FOR RELIEF**

WHEREFORE, based upon all the allegations contained in Paragraphs 1 through 65 above, the United States requests that this Court:

1.     Permanently enjoin AZR from operating the Facility except in accordance with the Clean Air Act and any applicable regulatory requirements;

2.     Order AZR to remedy its past and ongoing violations by, among other things, requiring AZR to install new or improved emissions controls for PM;

3.     Order AZR to develop and implement a program to improve its operation, maintenance, monitoring, and recordkeeping practices, and to ensure the accurate, complete, and timely recordkeeping of all monitoring, inspection, and maintenance activities;

4.     Assess a civil penalty against AZR up to the inflation-adjusted statutory maximum amounts referenced in Paragraph 36, per day per violation;

5.     Award the United States its costs of this action; and,

6.     Grant such other relief as the Court deems just and proper.

Signature Page for Complaint in *United States v. American Zinc Recycling Corp.* (N.D. Ill.)

FOR THE UNITED STATES OF AMERICA:

Karen S. Dworkin
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

s/ *Randall M. Stone*
Randall M. Stone
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
202-514-1308
randall.stone@usdoj.gov

John R. Lausch, Jr.
United States Attorney for the Northern District of Illinois

Nigel B. Cooney
Assistant United States Attorney
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604
312-353-1996
nigel.cooney@usdoj.gov

OF COUNSEL:

Nicole Cantello
Attorney-Advisor
United States Environmental Protection Agency
77 West Jackson Boulevard
Chicago, Illinois 60604
312-886-2870
cantello.nicole@epa.gov